Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5074 | **DATE** | 9/2/2010 |
| **CASE TITLE** | Diane M. Phillips vs. Illinois Department of Corrections and Michael Randle | | |

**DOCKET ENTRY TEXT**

For the reasons stated explained in the Statement section of this order, plaintiff Diane M. Phillips's ("Phillips") IFP application [4] is denied for failure to state a claim upon which relief may be granted and her case is dismissed with prejudice because the claims alleged in her complaint [1] are time-barred. Phillips's motion for appointment of counsel [5] is, therefore, rendered moot.

■[ For further details see text below.]    Notices mailed.

## STATEMENT

     On August 12, 2010, Phillips submitted a complaint with this court alleging that the Illinois Department of Corrections ("IDOC") and Michael Randle (collectively "Defendants"), failed to hire her based on her age, color, disability, national origin, race, religion, and gender, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the Civil Rights Act of 1991 ("CRA"), Americans with Disabilities Act of 1990 ("ADA"), and the Rehabilitation Act of 1973 ("Rehabilitation Act"). Along with the complaint, Phillips tendered an application to proceed *in forma pauperis* ("IFP") with a supporting financial affidavit (Dkt. No. 4), and a motion for appointment of counsel (Dkt. No. 5).

     Requests to proceed IFP are reviewed under 28 U.S.C. § 1915. To ensure that indigent litigants have meaningful access to the courts, § 1915 allows an indigent litigant to commence an action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324 (1988). However, the court must deny a request to proceed IFP and dismiss the case if (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to state a claim; or (4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2); *see Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997) (recognizing the applicability of § 1915 to cases brought by non-prisoners).

## STATEMENT

According to her complaint, Phillips filed a charge of discrimination with the EEOC on or about December 10, 2008, and received a right-to-sue letter from the EEOC on or about April 12, 2010.[1] (Compl. ¶¶ 7.1(b), 8.) From that date, Phillips had 90 days to file a lawsuit setting forth her claims under the ADEA, Title VII, ADA, and Rehabilitation Act. *See*, 29 U.S.C. § 626(e), 42 U.S.C. § 2000e-5(f)(1), 42 U.S.C. § 12117(a), and 29 U.S.C. § 794a(a)(1).[2] Phillips did not submit her complaint and IFP application to this court until August 12, 2010, approximately 120 days after receiving her right-to-sue letter.

In general, "a complaint need not anticipate or overcome affirmative defenses such as the statute of limitations." *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006). However, dismissal on the basis of an affirmative defense is appropriate if "the plaintiff pleads himself out of court by 'admit[ting] all the ingredients of an impenetrable defense.'" *Covington v. Mitsubishi Motor Mfg. Of Am., Inc.*, 154 Fed. App'x 523, 524-25 (7th Cir. 2005) (citation omitted) (applying 12(b)(6) standard to dismissal under § 1915(e)(2)(B)(ii)). "If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Phillips's complaint fails to state a claim upon which relief can be granted under the ADEA, Title VII, ADA, or Rehabilitation Act because it includes allegations plainly revealing that these claims are untimely. Unlike the plaintiff in *Covington*, Phillips does not allege that equitable tolling should be applied to extend the 90-day deadline in her case, and the court has no reason to believe that equitable tolling would be appropriate. *Covington*, 154 Fed. App'x at 525; *see also In re: Marchfirst Inc.*, 589 F.3d 901, 904-05 (7th Cir. 2009) (finding dismissal under Federal Rule of Civil Procedure 12(b)(6) to be appropriate where complaint established that statute of limitations had passed and declining to speculate that the accrual of the plaintiff's claim may have been delayed under the discovery rule). Because this court finds Phillips's ADEA, Title VII, ADA, and Rehabilitation Act claims to be time-barred on the face of the complaint, it need not discuss other defects in these claims.

Phillips also claims that Defendants' failure to hire her violated *Rutan v. Republican Party of Illinois*, 497 U.S. 62 (1990), which held that a state employer cannot base its hiring decisions on political affiliation, "unless the government has a vital interest in doing so." 497 U.S. at 78. To the extent that Phillips attempts to state a claim for unconstitutional patronage hiring through her references to *Rutan*, she has failed to do so. She has not alleged that Defendants refused to hire her based on her political affiliation, nor has she alleged any facts in support of such a claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (holding that a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" to survive a 12(b)(6) motion to dismiss). Specifically, Phillips's complaint does not allege the political affiliation of herself or the affiliation of the individuals ultimately hired, nor does it make any mention of such considerations by Defendants. Moreover, in light of

---

[1] Although Phillips's complaint states that the relevant EEOC documents can be found in Appendix I, Phillips did not attach the EEOC charge or the right-to-sue letter to her complaint. The court's analysis is accordingly based on Phillips's representations of these documents in her complaint.

[2] The court notes that Phillips also alleges that Defendants violated the Civil Rights Act of 1991 ("CRA"), which amended multiple pieces of legislation. Phillips does not identify which amended legislation she believes Defendants to have violated; however, in

2

| STATEMENT |
|---|
| the context of Phillips's complaint, the court understands her to be referring to Title VII as amended by the CRA.<br><br>the facts that are alleged in Phillips's complaint, the court is skeptical that Phillips actually intends to allege a claim for impermissible patronage hiring in violation of *Rutan* at all.<br><br>     For the reasons stated above, Phillips's IFP application is denied for failure to state a claim upon which relief may be granted and her case is dismissed with prejudice. Phillips's motion for appointment of counsel is, therefore, rendered moot. |